Paul D. McFarlane  ISB # 7093
**MCFARLANE LAW OFFICES, PLLC**
428 E. Thurman Mill Street
PO Box 1859
Boise, Idaho 83701
Telephone:     (208) 342-1948
Facsimile:     (208) 298-3846
paul@McFarlaneLawOffices.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF IDAHO

| | |
|---|---|
| WAYNE GARRIGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DMB FINANCIAL, LLC, a Massachusetts Limited Liability Company, and COMMONWEALTH SERVICING GROUP, LLC, a Massachusetts Limited Liability Company,<br><br>Defendants. | CASE NO: 18-485-DCN<br><br>**DEFENDANTS, DMB FINANCIAL, LLC AND COMMONWEALTH SERVICING GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (WITH PREJUDICE)** |

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed with prejudice, because: 1) Plaintiff failed to plead an injury-in-fact to demonstrate standing; 2) The Court does not have personal jurisdiction (either specific or general) over the Defendants; and 3) All Non-Idaho residents claims should

be dismissed as the Court does not have general personal jurisdiction over the Defendants.

## INTRODUCTION AND BACKGROUND

The Plaintiff alleges in his Complaint that the Defendants violated certain provisions of the Telephone Consumer Protection Act under 47 U.S.C. § 227 et seq. (the "TCPA"). Specifically, the Plaintiff alleges that the Defendants violated the TCPA by; 1) placing calls to his cellular telephone using an automatic telephone dialing system ("ATDS") and/or using a pre-recorded voice (without written consent) in violation of 47 U.S.C. § 227(b)(1)(A)(iii), 2) failing to have an accurate written policy of dealing with do not call requests, failing to accurately inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list and by failing to internally record and honor do not call requests in violation of 47 C.F.R. § 64.1200(d) and 3) placing more than one call to the Plaintiff (in a 12-month period) while he was registered on the national do-not-call registry in violation of 47 C.F.R. § 64.1200(c).

## ARGUMENT

**I – Plaintiff failed to plead an injury-in-fact to demonstrate standing.**

The Plaintiff has the burden to plead that he has standing. *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Under the traditional standing analysis, "the plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'like[lihood]' that the injury 'will be redressed by a favorable decision. *State v. Philip Morris, Inc.,* 158 Idaho 874, 881, 354 P.3d 187, 194 (Idaho, 2017). To satisfy the "injury in fact" requirement, "[t]he plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the [defendant's] conduct

and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). The causation element of standing requires Plaintiffs to show an injury that is "fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Merely pleading a TCPA violation is insufficient to establish standing. *Morris v. United Healthcare Ins. Co*. 2016 WL 7115973. A violation of a statute, in this instance the TCPA, does not automatically create Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). In fact, *Spokeo* requires an actual injury to the plaintiff. *Id.* "*Spokeo* recognizes that at a minimum, a concrete intangible injury based on a statutory violation must constitute a "risk of real harm' to the plaintiff." *Lee* v. *Verizon Communications, Inc.*, 837 F. 3d 523, 529 (5th Cir. 2016). The "injury must have actually occurred or must occur imminently; hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus." *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820 (9th Cir.2002) (citing Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)

The Plaintiff's Complaint does not contain any allegations of any concrete intangible harm that is particularized, actual or imminent as required by cases cited in this memorandum. Furthermore, the Plaintiff fails to demonstrate the likelihood that a favorable decision will redress the injury. When a Plaintiff alleges an intangible injury without any likelihood of an "adverse effect" (observing that "a bare procedural violation, divorced from any concrete harm" is not sufficient for standing), the Plaintiff has not sufficiently alleged a concrete injury for standing. *Spokeo* at 1549.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3**

The Plaintiff in this matter merely alleges that the "actual harm and cognizable legal injury…includes the aggravation and nuisance and invasions of privacy that result from the unsolicited prerecorded telephone calls that are being made to cellular phones, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components…"  The alleged harms and injuries are hypothetical and/or speculative in nature, and do not fall into the concrete harm analysis set forth by *Spokeo*. In light of the forgoing, the Plaintiff's complaint should be dismissed with prejudice pursuant to Federal Rule 12(b)(1).

**II – This Court does not have (either General or Specific) personal jurisdiction over DMB Financial, LLC and Commonwealth Servicing, LLC.**

The Plaintiff alleges in his Complaint that DMB Financial, LLC and Commonwealth Servicing, LLC are a limited liability companies that exist under the laws of Massachusetts with a principal place of business located in Beverly, Massachusetts.  Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a claim based on the lack of personal jurisdiction.  District courts have three options for ruling on a motion to dismiss under Rule 12(b)(2): (1) they may "decide the motion upon the affidavits alone"; (2) they may "permit discovery in aid of deciding the motion"; or (3) they may "conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  When personal jurisdiction is challenged, the plaintiff bears the burden of establishing personal jurisdiction over each defendant "independently." *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). When responding to a motion to dismiss that cites a lack of personal jurisdiction as the basis for the dismissal, "the Plaintiff cannot stand on its pleadings, but must, through

affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling* v. *Stark*, 2006 WL 1683442 at 3 (N.D. Tex. June 19, 2006).

In order to establish the existence of personal jurisdiction in a diversity case, the plaintiff must show (1) that a statute of the forum confers personal jurisdiction over the nonresident defendant, and (2) that the exercise of jurisdiction accords with federal constitutional principles of due process. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). The Idaho legislature "intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution." *Shymatta v. Papillon* (D. Idaho, 2011) citing *Doggett v. Electronics Corp. of Am.*, 93 Idaho 26, 30 (1969).

a.  **General Jurisdiction**

"For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts." *Shymatta v. Papillon* (D. Idaho, 2011) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416. "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!, Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). In the present case, the Plaintiff admits that the Defendants were formed under the laws of Massachusetts with a principal place of business located in Beverly, Massachusetts. The Plaintiff does not make any other allegations that would establish that the Defendants are "present" in the state of Idaho, or

that their contacts with that are substantial, continuous, and systematic. Therefore, this Court does not have general jurisdiction over the Defendants, and this matter should be dismissed with prejudice.

    **b. Specific Jurisdiction**

"To ascertain whether specific personal jurisdiction exists, this Court employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Shymatta v. Papillon* (D. Idaho, 2011) citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). Parties "who reach out beyond one state and create continuing relationships and obligations with citizens of [the forum state]" are subject to personal jurisdiction in that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

        In the present case, the Plaintiff, in establishing (in what is presumed to be specific) personal jurisdiction, makes the following vague allegations; "Defendants conduct a

significant amount of business in this District, solicit consumers in this District, made and continue to make unsolicited prerecorded calls to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to and/or emanated from this District." This statement does not satisfy the three-prong test established by the *Schwarzenegger* Court as it fails to establish that 1) the Defendants purposely directed the alleged activities with the forum or a resident thereof, 2) the claim is one which arises out of ore relates to the Defendants' forum-related activities and 3) that the exercise of this jurisdiction comports with fair play and substantial justice. At no time does the Plaintiff make an allegation that the Defendants purposely directed the alleged activities at the people of Idado. Further, the Plaintiff does not even provide the telephone number that was allegedly called (to determine whether a caller would know that he/she/it was calling into the state of Idaho based on the prefix), nor does the Plaintiff allege that he was actually in the state of Idaho when the alleged activity occurred. Thus, the Plaintiff has failed to establish that this Court has specific personal jurisdiction over the Defendants. As such, this matter should be dismissed with prejudice.

**III – That All Non-Idaho Resident Claims should be Dismissed**

"A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Miesen v. Hawley Troxell Ennis & Hawley LLP* (D. Idaho, 2018) (citing *Bristol-Myers Squibb Co. V. Superior Court of California, San Francisco County, et al.* 137 S. Ct. 1773, 1779-80 (2017). As noted in section II herein, the Plaintiff has failed to establish that this Court has either general personal jurisdiction or specific personal jurisdiction over the Defendants. Therefore, all non-Idaho Plaintiffs should be dismissed with prejudice as the Plaintiff has failed to establish that the Court

has general personal jurisdiction over the Defendants (as required by the *Bristol-Myers Squibb* Court to hear claims of Plaintiffs from states other than Idaho).

## CONCLUSION

For the forgoing reasons, Defendants, DMB Financial, LLC and Commonwealth Servicing, LLC, respectfully requests, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, that their Motion to Dismiss be granted, and Judgment of Dismissal be entered in their favor and against Plaintiff with prejudice with the Defendants being awarded their reasonable attorney's fees.

DATED this 7th day of January, 2019.

                                            MCFARLANE LAW OFFICES, PLLC

By:   */s/ Paul D. McFarlane*
       Paul D. McFarlane
       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on January 7, 2019, I served a true and correct copy of the foregoing **DEFENDANTS, DMB FINANCIAL, LLC AND COMMONWEALTH SERVICING GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (WITH PREJUDICE)** on the individuals listed below through electronic notification to the parties registered with the U.S. Court's CM/ECF System.

James Bendell -- james@bendelllawfirm.com
Bendell Law Firm PLLC
1810 E. Schneidmiller Avenue, Ste 140
Post Falls, Idaho 83854
Telephone: (208) 773-9669

Stefan Coleman -- law@stefancoleman.com
Law Offices of Stefan Coleman
201 S Biscayne Blvd, 28th Floor
Miami, FL 33133
Telephone: (877) 333-9427

DATED this 7th day of Janurary, 2019.

MCFARLANE LAW OFFICES, PLLC

By: __/s/ Paul D. McFarlane_
Paul D. McFarlane
Attorneys for Defendants