**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**
Case No. 2:18-CV-00485-DCN

WAYNE GARRIGAN, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

DMB FINANCIAL, LLC, et al.,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

The Court should deny Defendants' motion to dismiss (D.E. 12) because Plaintiff has standing to assert Telephone Consumer Protection Act claims, and the Court has personal jurisdiction over Defendants in connection with Plaintiffs' and all putative class members' claims arising from Defendants' unsolicited, prerecorded-voice marketing calls directed to Plaintiff in Idaho.

Plaintiff sufficiently pleads standing by alleging that as a result of Defendants' TCPA violations, he suffered the types of harms the TCPA was enacted to protect against. Defendants ignore recent, controlling Ninth Circuit law to argue the contrary.

Plaintiff also sufficiently pleads a basis for specific personal jurisdiction over Defendants by alleging that Defendants intentionally directed their calls – tortious acts – to him in Idaho. And, because Plaintiff sufficiently alleges a basis for specific personal jurisdiction over Defendants in connection with his TCPA claims, the Court has personal jurisdiction over Defendants in connection with all putative class members' claims regardless of whether they received Defendants' calls in Idaho or elsewhere. Defendants' motion to dismiss is therefore baseless.

## PLAINTIFF'S ALLEGATIONS

Defendants offer debt management services to consumers for a fee.  Complaint (D.E. 1) at ¶¶ 1-2.  To solicit customers, Defendants cold call consumers using a calling system that delivers a prerecorded voice message, without consumers' consent, regardless of whether the consumers' phone numbers are registered on the national Do Not Call registry ("DNC").  *Id*. at ¶ 3.  In Plaintiff's case, Defendants made 8 prerecorded voice telemarketing calls to him in Idaho on his Idaho cellular phone number, without his consent – regardless of the fact that Plaintiff's phone number was registered on the DNC, and notwithstanding his repeated demands that Defendants stop calling him.  *Id*. at ¶¶ 4-5, 8-9.

Defendants' calls caused Plaintiff actual harm, including: "aggravation," "nuisance," "invasions of privacy," and "loss of use and enjoyment of [his] phone…, including wear and tear to … [its] components."  *Id*. at ¶¶ 20-21, 31-32.  Seeking redress for these injuries, Plaintiff asserts three TCPA claims on behalf of putative class members.  *Id*. at ¶ 33.  Two claims based on Defendants' use of a prerecorded voice message without consent, and one claim based on Defendants' unsolicited calls to numbers registered on the DNC without consent.

## ARGUMENT

### <u>Plaintiff Sufficiently Pleads Standing</u>

Less than one year ago, in *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017), the Ninth Circuit expressly set forth the requirements for pleading an injury in fact for purposes of Article III standing in connection with a TCPA claim after the Supreme Court's Article III standing-related ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

The Ninth Circuit started by determining that Congress enacted the TCPA to prevent "[u]nsolicited telemarketing phone calls" because those calls, "by their nature, invade the privacy

2

and disturb the solitude of their recipients." *Van Patten*, 847 F.3d at 1043.  The Ninth Circuit therefore held that "[a] plaintiff alleging a violation under the TCPA need not allege any additional harm beyond the one Congress has identified" – i.e., an invasion of privacy.  *Id*.  ("Unlike in *Spokeo*, where a violation of a procedural requirement minimizing reporting inaccuracy may not cause actual harm or present any material risk of harm, the telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA." (annotations omitted)).

Here, Plaintiff alleges that, among other injuries, Defendants' unsolicited calls invaded his privacy.  Complaint (D.E. 1) at ¶¶ 20-21, 31-32.  This is precisely the injury the TCPA is intended to prevent.  *Van Patten*, 847 F.3d at 1043.  Therefore, nothing more is required for Plaintiff to establish standing at this stage of the proceedings.  *Id*.

### Plaintiff Sufficiently Pleads A Basis for Specific Personal Jurisdiction

Plaintiff sufficiently pleads a basis for specific personal jurisdiction over Defendants by alleging that Defendants intentionally directed their TCPA violative calls to Plaintiff in Idaho.

"Under the Ninth Circuit's test for specific jurisdiction, the plaintiff must show that the defendant either purposefully availed itself of the privilege of conducting activities in the forum state or purposefully directed its activities toward the forum state.  At this step, courts use different tests depending on the nature of the claim. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.  For cases sounding in tort, the purposeful direction requirement for specific personal jurisdiction is analyzed under the 'effects test' derived from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).  The 'effects test' is satisfied if the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

3

defendant knows is likely to be suffered in the forum state." *Amini v. Pro Custom Solar LLC*, No. SACV 17-2244 JVS (SKx), 2018 U.S. Dist. LEXIS 140920, at *9 (C.D. Cal. Aug. 13, 2018) (annotations omitted).

"TCPA violations are tortious acts." *Keim v. ADF MidAtlantic, Ltd. Liab. Co.*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016); *see Mey v. Got Warranty, Inc.*, 193 F. Supp. 3d 641, 647 (N.D.W. Va. 2016) ("Indeed, the TCPA can be viewed as merely applying this common law tort to a 21st-century form of personal property and a 21st-century method of intrusion."). Accordingly, district courts evaluating personal jurisdiction in TCPA cases have regularly applied the *Calder* effects test to evaluate whether "the defendant purposefully availed himself of the privileges of doing business within the forum." *E.g., Keim*, 199 F. Supp. 3d at 1369-70.

For example, in *Keim*, the district court evaluated the existence of specific personal jurisdiction in Florida over non-resident defendants under the effects test. The plaintiff alleged that the defendants sent TCPA violative text messages "in a manner that was not limited to any … specific geographic region" and which "include[ed] Florida phone numbers." *Id*. The district court determined that "it [was] reasonable to anticipate that harm from a TCPA violation arising from a call or text message to a Florida number would be suffered in Florida." *Id.* Accordingly, consistent with district courts throughout the country, it held that "calls or text messages to a phone number affiliated with a particular state that violate the TCPA [are] sufficient to satisfy the effects test for a court of that state to exercise personal jurisdiction over the defendant." *Id.*; *accord Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847, at *11 (N.D. Cal. July 14, 2014) ("[W]here Shac intentionally sent text messages directly to cell phones with California based area codes, … Shac expressly aimed its conduct at California [and] … knew that the alleged harm caused by the text messages it sent to California cell phones was likely to be suffered in California.

Accordingly, the 'effects' test is satisfied, and Luna has met its burden of demonstrating that Shac purposefully directed its activity at the forum state."); *cf. Eisenband v. Starion Energy, Inc.*, No. 17-80195-CIV-MARRA, 2018 U.S. Dist. LEXIS 79572, at \*17 (S.D. Fla. May 11, 2018), in which, the defendant called the plaintiff in Florida to her non-Florida phone number.

Here, Plaintiff satisfies the effects test by similarly alleging that Defendants purposefully directed their calls to Plaintiff in Idaho.  Complaint (D.E. 1) at ¶¶ 4-5, 8-9.[1]

### Because the Court has Personal Jurisdiction over Defendants for Plaintiff's Claims, the Court has Personal Jurisdiction over Defendants for the Putative Class's Claims

This Court has specific personal jurisdiction over Defendants for all class members' claims because it has specific personal jurisdiction over Defendants for Plaintiff's claims. Notwithstanding, Defendants argue based exclusively on the Supreme Court's holding in *Bristol-Myers Squibb* that the Court should dismiss non-Idaho residents' claims.  However, as the vast majority of district courts addressing this precise argument have found, the personal jurisdiction rule relating to non-resident plaintiffs enunciated in *Bristol-Myers Squibb*, a mass-tort action originally filed in California state court that named both resident and non-resident plaintiffs, does not apply in the class action context.

This is because "[i]n a mass tort action, like the one in *Bristol-Myers*, each plaintiff is a real party in interest to the complaints, meaning that they were named as plaintiffs in the complaints.  By contrast, in a putative class action, one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the 'named plaintiffs' are the only plaintiffs actually

---

[1] Although Plaintiff does not allege his cell phone number in the complaint, on a motion to dismiss, he is entitled to the reasonable inference that, because he alleges that he is an Idaho resident that received Defendants' calls in Idaho, his phone number has an Idaho area code.  *See Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007) ("The trial court must draw all reasonable inferences in favor of the nonmoving party.").

named in the complaint." *Tickling Keys, Inc. v. Transam. Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342 (M.D. Fla. Apr. 3, 2018).

Unlike the state court mass tort plaintiffs in *Bristol-Myers Squibb*, "the party seeking to maintain a class action [in federal court] must satisfy the due process safeguards contained in Federal Rule of Civil Procedure 23." *Feldman v. BRP United States, Inc.,* No. 17-CIV-61150-DIMITROULEAS/S, 2018 U.S. Dist. LEXIS 53298, at *15 (S.D. Fla. Mar. 28, 2018). Accordingly, in a federal court class action "courts are concerned only with the jurisdictional obligations of the named plaintiffs." *Chernus v. Logitech, Inc.*, Civil Action No. 17-673(FLW), 2018 U.S. Dist. LEXIS 70784, at *19-20 (D.N.J. Apr. 27, 2018).

Here, personal jurisdiction over Defendants with respect to the nationwide classes' claims turns exclusively on the Court's personal jurisdiction over Defendants in connection with Plaintiff's claims – which is not reasonably in dispute.  Accordingly, because the Court has specific personal jurisdiction over Defendants as to Plaintiff's TCPA claims, the Court also has specific personal jurisdiction over Defendants as to the putative classes' TCPA claims.  Nothing in Defendants' motion supports a different conclusion.

The Court should therefore deny Defendants' motion to dismiss non-Idaho residents' claims based on Defendants' irrelevant and unsupported *Bristol-Myers Squibb* based personal jurisdiction argument.  *See, e.g., Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342 (S.D. Fla. June 6, 2018) ("*Bristol-Myers* does not apply to class actions");  *Chernus*, 2018 U.S. Dist. LEXIS 70784 (D.N.J. Apr. 27, 2018) ("courts are concerned only with the jurisdictional obligations of the named plaintiffs"); *Tickling Keys*, 2018 U.S. Dist. LEXIS 79578, (M.D. Fla. April 4, 2018) ("the Court declines to extend Bristol-Myers to the class action context"); *In re Morning Song Bird Food Litig.*, 2018 U.S. Dist. LEXIS 44825 (S.D. Cal. Mar. 19, 2018)

("claims of unnamed class members are irrelevant to the question of specific jurisdiction");
*Casso's Wellness Store & Gym LLC v. Spectrum Lab Prods., Inc.*, No. 17-2161, 2018 U.S. Dist.
LEXIS 43974 (E.D. La. Mar. 19, 2018) ("material differences between mass tort actions and
class actions further support the finding that Bristol-Myers is inapplicable to the instant case, a
purported class action invoking federal question subject matter jurisdiction"); *Molock v. Whole
Foods Market, Inc.*, No. 16-cv-02483, 2018 U.S. Dist. LEXIS 42582 (D.D.C. Mar. 15, 2018)
("These additional [Rule 23] elements of a class action supply due process safeguards not
applicable in the mass tort context."); *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F.
Supp. 3d 1360 (N.D. Ga. Jan 26, 2018) (adopting magistrate's report and recommendation which
concluded: "in contrast to a mass action like Bristol-Myers, which may—and likely would—
present significant variations in the plaintiffs' claims, the requirements of Rule 23 class
certification ensure that the defendant is presented with a unitary, coherent claim to which it need
respond only with a unitary, coherent defense"); *In re Chinese-Manufactured Dry Wall Prods.
Liab. Litig.*, MDL No. 09-2047, 2017 U.S. Dist. LEXIS 197612 (E.D. La. Nov. 30, 2017) ("a
class action has different due process safeguards"); *Fitzhenry-Russell v. Dr. Pepper Snapple
Grp., Inc.*, No. 17-cv-00564, 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sept. 22, 2017)
("*Bristol-Myers* is meaningfully distinguishable based on that case concerning a mass tort
action").

## CONCLUSIONS

Plaintiff sufficiently pleads standing by alleging that he suffered the type of injury the
TCPA was enacted to protect against.  And Plaintiff sufficiently pleads a basis for personal
jurisdiction over Defendants for purposes of his claims and the putative classes' claims by

alleging that Defendants directed their TCPA violative calls to him in Idaho.  The Court should therefore deny Defendants' motion to dismiss.

Dated: January 28, 2019

*/s/ James Bendell*
Bendell Law Firm PLLC
1810 E. Schneidmiller Avenue, Ste
140 Post Falls, Idaho 83854
Telephone: (208) 773-9669
james@bendelllawfirm.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ James Bendell*